U.S. DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **PENN'LOPE DAVIS** | : | |
| Plaintiff, | : | CIVIL ACTION No. |
| | : | |
| v. | : | |
| | : | |
| **STATE OF CONNECTICUT** | : | |
| Defendant. | : | |
| | : | APRIL 23, 2019 |

## COMPLAINT

### I. INTRODUCTION

1. Plaintiff, Penn'lope Davis, brings this action against Defendant State of Connecticut for discrimination and unequal pay in violation of the federal Equal Pay Act, and Title VII of the Civil Rights Act of 1964.

### II. PARTIES

2. Plaintiff, Penn'lope Davis, is an individual currently residing in Connecticut. Plaintiff is employed by the State of Connecticut. Plaintiff is a black female.

3. Defendant, State of Connecticut, includes a number of public agencies, including the Department of Public Health ("DPH") and the Department of Administrative Services ("DAS"). At all times relevant to this complaint, Defendant State of Connecticut has been Plaintiff's employer. Defendant State of Connecticut qualifies as an employer subject to the requirements of federal Equal Pay Act and Title VII of the Civil Rights Act of 1964. Defendant State of Connecticut has more than 15 employees. .

### III. JURISDICTION

4. This Court possesses subject matter jurisdiction over this action because Plaintiff's claims present a federal question under 28 U.S.C. § 1331.

5. Plaintiff previously exhausted her administrative remedies concerning these claims. On or about September 7, 2017, Plaintiff filed charges of discrimination with the Commission on Human Rights and Opportunities (CHRO), which were dually filed with the Equal Employment Opportunity Commission (EEOC), against the State of Connecticut – DPH, and the State of Connecticut – DAS. Those charges of discrimination alleged violations of the federal Equal Pay Act and Title VII of the Civil Rights Act of 1964, and were designated as CHRO Nos. 1810091 and 1810092, and EEOC Nos. 16A-2017-01652 and 16A-2017-01653. On or about April 9, 2019, CHRO and EEOC issued release of jurisdiction and right to sue letters with respect to those claims. Plaintiff has commenced this action within 90 days of receiving those right to sue and release of jurisdiction notices.

IV. **BACKGROUND**

6. Plaintiff commenced her employment with the State of Connecticut in 1999.

7. In January 2008, Plaintiff was promoted to Principal Human Resources Specialist at DPH under the supervision of Michael Carey, Human Resources Administrator 2. Mr. Carey is a Caucasian male.

8. During the years that Plaintiff worked as a Principal Human Resources Specialist at DPH, she directed the staff and operations of the Human Resources Office, performed labor relations activities, and supervised a staff of up to five employees.

9. On April 6, 2017, the State of Connecticut posted a vacant position for Principal Human Resources Specialist at DPH.

10. On May 12, 2017, the State of Connecticut hired Steven Beaupre for the Principal Human Resources Specialist position. Mr. Beaupre is a male and identifies as Hispanic.

11. When the State of Connecticut hired Mr. Beaupre for the Principal Human Resources Specialist position at DPH, it hired him at an annual salary of $99,750.00 per year.

12. Both DPH and DAS were involved in establishing Mr. Beaupre's rate of pay when he was hired as Principal Human Resources Specialist at DPH in 2017.

13. At that time of Mr. Beaupre's hiring at DPH in 2017, Plaintiff's annual salary was $88,858.00 per year.

14. At that time of Mr. Beaupre's hiring at DPH in 2017, Plaintiff had more years of state service than Mr. Beaupre.

15. At that time of Mr. Beaupre's hiring at DPH in 2017, Plaintiff and Mr. Beaupre both held the same title and classification, Principal Human Resources Specialist.

16. During their employment at DPH, Plaintiff and Mr. Beaupre both performed equal work on jobs, the performance of which required equal skill, effort, and responsibility.

17. During their employment at DPH, Plaintiff and Mr. Beaupre worked under similar working conditions.

18. On June 9, 2017, Plaintiff met with Mr. Carey and discussed her concerns that she was being subjected to an unfair and unequal rate of compensation.  Subsequent to that meeting, Plaintiff sent a letter to Mr. Carey regarding her concerns.

19. Following June 9, 2017, Plaintiff also had additional communications with officials at DPH regarding her concerns about unequal pay, including on June 29, 2017, and on August 3, 2017.

20. Following the June 9, 2017 meeting, for the remainder of Plaintiff's employment at DPH, Defendant refused to make Plaintiff's rate of compensation equal to the rate of compensation that it was paying to Mr. Beaupre.

**COUNT ONE:** **<u>VIOLATION OF EQUAL PAY ACT</u>**

21. Based on the foregoing, Defendant violated Plaintiff's rights under the Equal Pay Act, 29 U.S.C. § 206(d).

22. During their employment at DPH, Defendant paid Mr. Beaupre (a male) a higher rate of pay than it paid to Plaintiff (a female), even though Plaintiff and Mr. Beaupre held the same title and classification and performed equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

23. After Plaintiff brought the unequal pay disparity to the attention of officials at DPH in June of 2017, for the remainder of Plaintiff's employment at DPH, Defendant refused to make Plaintiff's rate of compensation equal to the rate of compensation that Defendant was paying to Mr. Beaupre.

24. As a result of Defendant's violation of Plaintiff's rights under the Equal Pay Act, Plaintiff suffered damages, including, but not limited to, damages relating to wages and compensation.

25. Plaintiff is also entitled to liquidated damages.

26. Plaintiff has also incurred, and continues to incur, attorney's fees and costs.

**COUNT TWO:** **<u>VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964</u>**

27. Based on the foregoing, Defendant also violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*.

28. As a black female, Plaintiff is a member of a protected class under Title VII.

29. Defendant subjected Plaintiff to disparate treatment by paying a similarly situated male, Mr. Beaupre, a higher rate of pay than it paid to Plaintiff.

30. Defendant further discriminated against Plaintiff by refusing to correct the discriminatory salary disparity after Plaintiff requested a remedy.

31. Defendant acted with reckless disregard of Plaintiff's rights.

32. As a consequence of Defendants' conduct, Plaintiff suffered damages, including, but not limited to, lost wages and compensation and benefits, and emotional distress.

33. Plaintiff has also incurred, and continues to incur, attorney's fees and costs.

**DEMAND FOR RELIEF**

Plaintiff hereby demands Judgment against Defendant, a Trial by Jury, and other relief, including, but not limited to the following:

1. Compensatory economic and non-economic damages, including, but not limited to, damages for lost compensation, wages and benefits, and emotional distress.

2. Liquidated damages.

3. Attorney's fees and costs.

4. Punitive damages.

5. Interest.

6. Other relief that in law or equity may pertain.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

PLAINTIFF,
PENN'LOPE DAVIS

By:    /s/*Todd Steigman*
Todd D. Steigman (ct26875)
Madsen, Prestley & Parenteau, LLC
402 Asylum Street
Hartford, CT 06103
Tel: (860) 246-2466;
Fax: (860) 246-1794
tsteigman@mppjustice.com